IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RYAN DAVID KNIGHT,<br><br>　　　　　Defendant. | CR 18-34-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

　　　A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc 64.)

　　　On November 17, 2025, the Court conducted the final revocation hearing.  Defendant admitted all violations except Violation No. 7.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to time served, with no supervised release to follow.

**I.　　Background**

　　　In 2018, Defendant pled guilty to the offense of Felon in Possession of a Firearm.  (Doc. 25.)  On October 10, 2018, the Court sentenced him to 18 months imprisonment, to be followed by 36 months supervised release.  (Doc. 37.)  Defendant began serving his term of supervised release on August 24, 2020.

1

On August 25, 2022, Defendant's supervised release was revoked for violating the standard condition that he not possess a firearm. He was sentenced to time served followed by 30 months supervised release. Defendant began his second period of supervised release on December 25, 2022. (Doc. 55.)

On September 1, 2023, the United States Probation Office filed a petition to revoke Defendant's supervision, and Judge Christensen issued a warrant for his arrest. (Doc. 59, 60.) On October 22, 2025, the United States Probation Office filed the amended petition now at issue. (Doc. 67.) The amended petition alleges that Defendant violated seven conditions of his supervised release, and provides a brief explanation of each violation. (*Id*.) Defendant was arrested, and made an initial appearance on November 17, 2025. (Doc. 73.)

## II.     Final Revocation Hearing

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all the violations as alleged in the petition except for Violation No. 7. The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is A, his criminal history category is III, and the underlying offense is a class C felony.

Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 18–24 months incarceration. Defendant could also be sentenced to as much as 34 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of time served and termination of federal supervision. Defendant's counsel also requested a sentence of time served.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served with no supervision to follow. No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

Defendant's criminal history is significant. Defendant was previously convicted of assault with a weapon, for which he received a sentence of 20 years incarceration with the Montana Department of Corrections, with 15 years suspended. For the underlying offense here, felon in possession of a firearm, Defendant received a sentence of 18 months imprisonment, followed by 36 months

supervised release.  Defendant did poorly on supervision following his release from custody for these offenses, and had his supervision revoked under both sentences.

With respect to nature and circumstances of the violations, those related to Defendant's use of controlled substances, not staying at a place approved by his probation officer, and being in the company of a convicted felon, are all clear violations of Defendant's supervised release.  But these are all Class C violations that occurred more than two years ago and, standing alone, may not have led to a revocation of Defendant's supervised release.

The violations related to the commission of new felony offenses, however, are Class A violations that are obviously very serious.  But these offenses have also been addressed through charges filed in Montana state court.  Specifically, with respect to the offenses of criminal possession with intent to distribute and unlawful possession of a firearm by a convicted person, the Ravalli County District Court sentenced Defendant to 30 years incarceration with the Montana Department of Corrections, with no time suspended.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes.  In light of Defendant's 30-year state sentence, a sentence of time served for these supervised release violations is adequate to afford deterrence and protect the public.  Nothing

would be served by adding an additional term of incarceration based largely on the same conduct for which Defendant has already received a lengthy state sentence.

The undersigned has also considered the need for future educational and correctional treatment. Defendant will be under the custody and supervision of the Montana Department of Corrections for the next 30 years. His activities, and his need for treatment and training, will be appropriately monitored by the state of Montana during that extended period. Providing a term of dual supervision with the United States would be of very little benefit to Defendant or to society. An additional term of supervised release is, therefore, not recommended.

Considering all these factors, the Court concludes a sentence of time served is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV.   Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he refrain from any unlawful use of a controlled substance, as alleged in Violation Nos. 1 and 2.

2. Defendant violated the condition of supervised release that he not communicate or interact with a convicted felon, as alleged in Violation No. 3.

3. Defendant violated the condition of supervised release that he not commit another federal, state, or local crime, as alleged in Violation Nos. 4 and 5.

4. Defendant violated the condition of supervised release that he not possess marijuana, as alleged in Violation No. 6.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to time served with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether

objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 18th day of November, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge